**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| RUBEN A. PEREZ; DANIEL A. PEREZ; DAVID A. PEREZ; TVALUE VENTURES; a Texas Limited Partnership; NATALIE HOLDINGS, a Texas Limited Partnership; D&D HOLDINGS, a Texas Limited Partnership; and DANMAR HOLDINGS, a Texas Limited Partnership, | § § § § § § § |
| Plaintiffs, | § § § |
| v. | § § |
| KPMG LLP; DANIEL SLATTERY; GARY POWELL; JOHN LARSON; QUADRA ADVISORS L.L.C.; and QUADRA FINANCIAL GROUP L.P., | § § § § § § |
| Defendants. | § § |

United States District Court
Southern District of Texas
FILED

JAN 2 4 2003

Michael N. Milby, Clerk

# M-03-026

CIVIL ACTION NO._____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441, 1446 and 1367,

defendants KPMG LLP, Daniel Slattery, Gary Powell, Quadra Advisors L.L.C. and Quadra

Financial Group L.P. (collectively "Defendants") provide Notice of Removal of this civil action

to the United States District Court for the Southern District of Texas (McAllen Division), and

respectfully represent that removal is proper and the jurisdictional requirements are fully met for

the reasons set forth below.  Defendants fully reserve any and all defenses, objections and

exceptions, including but not limited to, objections to service, jurisdiction, venue and statute of

limitations.

## NATURE OF THE STATE COURT ACTION

Defendants have been sued in a civil action entitled *Rubin A. Perez; Daniel A. Perez; David A. Perez; TValue Ventures, a Texas Limited Partnership; Natalie Holdings, a Texas Limited Partnership; D&D Holdings, a Texas Limited Partnership; and Danmar Holdings, a Texas Limited Partnership v. KPMG LLP; Daniel Slattery; Gary Powell; John Larson; Quadra Advisors L.L.C.; and Quadra Financial Group L.P.*, in the District Court of Hidalgo County, Texas.

Plaintiffs have alleged in their Original Petition that Defendants provided faulty investment, accounting and tax services in connection with an investment and tax strategy in which Plaintiffs participated.  Plaintiffs have alleged that Defendants' course of conduct violated the Texas Deceptive Trade Practices Act (Count I); that defendants KPMG and Quadra breached their contracts with Plaintiffs by failing to provide services in good faith and by failing to pay penalties and interest Plaintiffs purportedly owed to the Internal Revenue Service (Count II); that the defendants KPMG, Powell, Larson and Slattery were negligent in providing investment, accounting and tax advice in connection with the investment strategy (Count III); that Defendants made false representations to Plaintiffs in connection with the investment and tax strategy (Count IV); and that Defendants negligently misrepresented facts and omitted material representations to Plaintiffs in connection with providing investment, accounting and tax services to Plaintiffs (Count V).

## FEDERAL QUESTION JURISDICTION

This Court has original jurisdiction over the Petition filed in state court, pursuant to 28 U.S.C. § 1331, because a federal right is an essential element of the state law claims asserted by the Plaintiffs, interpretation of the federal question is necessary to any resolution of the claims,

and the question of federal law is substantial.  Despite Plaintiffs' assertion in their Petition that they make no claims under federal law, a substantial question of federal law is an essential element of Plaintiffs' claims.  To prevail on their claims, Plaintiffs must prove that, under federal law, the transactions at issue did not give them rights to claim an offsetting loss deduction on their 1997 federal income tax returns.  Plaintiffs are currently litigating this issue with the Internal Revenue Service in several separate federal actions (including two in this court).  *See, e.g., Danmar Holdings, Ltd. v. U.S.*, Civil Action No. M-01-293 (S.D. Tex.); *D&D Holdings Ltd. v. United States*, Civil Action No. M-01-CV-293 (S.D. Tex.); *Natalie Holdings, LLC v. United States*, Civil Action No. SA01CA1096 (W.D. Tex.).  Plaintiffs also allege in Count II of their state Petition that defendant KPMG breached its contracts with Plaintiffs by failing to register with the Internal Revenue Service the strategy in which they participated.  Whether a strategy should be registered with the Internal Revenue Service is a matter of federal tax law.  *See* 26 U.S.C. § 6111.

Plaintiffs have alleged in their respective federal actions that the IRS improperly disallowed their claimed capital losses on grounds that they did not meet the requirements of the Internal Revenue Code, including but not limited to 26 U.S.C. §§ 165, 269, 301, 302, 318, 465, 1011 and 1012.  Plaintiffs also have asserted that they are not liable for interest and penalties based on their claimed capital losses.  Compare Petition at paras. 19-20.

Plaintiffs' respective rights under federal law to claim  the capital losses resulting from their participation in the strategy on which Defendants provided investment, accounting or tax advice necessarily underlies the allegations in the Petition.  To resolve the claims raised in the Petition filed in the District Court of Hidalgo County, it is necessary to resolve the federal question of whether the transaction at issue gave rise to a legitimate offsetting capital loss

deduction under federal tax law. *See Howrey v. Allstate Insurance Co.*, 243 F.3d 912 (5th Cir. 2001) (recognizing that federal jurisdiction can exist over state law claims when a federal right is an essential element, resolution of the federal issue is necessary to resolve the case, and the federal question is substantial).

## SUPPLEMENTAL JURISDICTION

To the extent Plaintiffs' claims do not require resolution of the federal tax issue, Defendants respectfully request that the Court exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. §1367(a).[1]

## REMOVAL TO THIS DISTRICT IS PROPER

This Notice of Removal is being filed within 30 days of the earliest service upon one of the named Defendants, and is thus timely filed under 28 U.S.C. § 1446(b). All of the Defendants who have been served to date join in the Notice of Removal. Upon information and belief, John Larson has not been served to date.

---

[1]    Defendants submit that the posture of this case is different from one in which the plaintiff alleges jurisdiction based solely on an alleged violation of the federal RICO statute; fails to assert that the Court has federal question original jurisdiction under Title 26 for the state law claims; but rather, asks the Court merely to take supplemental jurisdiction over those claims. For instance, in *Jacoboni v. KPMG LLP*, Case No. 6:02-cv-510-Orl-22DAB (M.D. Fla.), the plaintiff alleged federal question jurisdiction based solely on his federal RICO claim, and he has asked the court to take supplemental jurisdiction over his state law claims against KPMG. Responding to plaintiff's jurisdictional allegation, KPMG argued that if the court dismissed the RICO claim, the state claims should be dismissed as well. Here this Court would have original jurisdiction over the claims as plead in Plaintiffs' Petition because a federal right is an essential element of the Perez's state law claims; interpretation of the Perez's asserted right to federal tax benefits is necessary to resolve the case; and, the question of federal law is substantial..

## ADDITIONAL PROCEDURAL MATTERS

Defendants will promptly serve written notice of the filing of this Notice of Removal with the Clerk of the Court of Hidalgo County in the State of Texas.

Pursuant to Local Rule 81, the following documents are attached to this Notice of Removal:

a.   Index of Matters Being Filed (Exhibit A)

b.   All Executed Process in the Case (Exhibit B)

c.   Plaintiffs' Original Petition (Exhibit C)

d.   Rule 11 Stipulations as to Response Deadlines (Exhibit D)

e.   A Copy of the Docket Sheet in the State Court Action (Exhibit E)

f.   A List of All Counsel of Record, Including Addresses, Telephone Numbers, and Parties Represented (Exhibit F)

No orders have been signed by the state court judge, no answers have been filed, and no other pleadings asserting any cause of action have been filed in the state court.

WHEREFORE, Defendants pray that the above-entitled cause on the docket of the District Court of Hidalgo County in the State of Texas be removed from that court to the United States District Court for the Southern District of Texas.

Respectfully submitted,

KING & SPALDING LLP

Of Counsel:

*Michael W. Perrin*
TMR

Michael W. Perrin (Attorney in Charge)
State Bar No. 15795700
Southern District I.D. No. 1473
Tracey M. Robertson
State Bar No. 00792805
Southern District I.D. No. 26094
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone:   (713) 751-3200
Facsimile:   (713) 751-3290

John M. Bray
Patricia L. Maher
1730 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone:   (202) 737-0500
Facsimile:   (202) 626-3737

ROERIG, OLIVEIRA & FISHER L.L.P.

David G. Oliveira
State Bar No. 15254675
Southern District ID. No. 13862
506 East Dove Street
McAllen, Texas 78502
Telephone:   (956) 631-8049
Facsimile:   (956) 631-8141

Attorneys for Defendants KPMG LLP,
DANIEL SLATTERY, and GARY
POWELL

Steven L. Gremminger
Associate General Counsel
KPMG LLP
2001 M Street, N.W.
Washington, D.C. 20036
Telephone:   (202) 533-3124
Facsimile:   (212) 909-5685

O'NEILL, LYSAGHT & SUN

Brian A. Sun
Yolanda Orozco
100 Wilshire Boulevard, Suite 700
Santa Monica, CA  90401
Telephone:       (310) 451-5700
Facsimile:        (310) 399-7201

RODRIGUEZ, COLVIN & CHANEY LLP


*Eduardo R. Rodriguez*
*by permission TMR*

Eduardo R. Rodriguez (Attorney in Charge)
State Bar No. 17144000
Southern District ID. No. 1944
Teri L. Danish
State Bar No. 05375320
Southern District ID. No. 12862
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Telephone:       (956) 542-7441
Facsimile:        (956) 541-2170

Attorneys for Defendants QUADRA
ADVISORS L.L.C. and QUADRA
FINANCIAL GROUP L.P.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was forwarded to the following counsel

of record, by certified mail, return receipt requested on this the 24th day of January 2003:


Edmundo O. Ramirez
Ellis, Koeneke & Ramirez, L.L.P.
1101 Chicago
McAllen, Texas  78501


Michael W. Perrin

- 8 -

## INDEX OF MATTERS BEING FILED

1.      Civil Cover Sheet

2.      Notice of Removal

3.      Index of Matters Being Filed (Exhibit A)

4.      All executed process in the State Court Action (Exhibit B)

5.      Plaintiffs' Original Petition (Exhibit C)

6.      Rule 11 Stipulations as to Response Deadline (Exhibit D)

7.      A copy of the docket sheet in the State Court Action (Exhibit E)

8.      A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F)

C-2593-02-A

DISTRICT COURT, HIDALGO COUNTY, TEXAS 92ND  JUDICIAL DISTRICT OF TEXAS

CITATION

RUBEN A.  PEREZ vs.  KPMG LLP, ET.  AL.

**ORIGINAL**

THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.
If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following
the expiration of twenty(20) days after you were served this citation
and petition, a default judgment may be taken against you.
      To: GARY POWELL
      4440 ARAPAHOE AV. STE.280
      BOULDER, COLORADO 80303


      You are hereby commanded to appear by filing a written
answer to the PLAINTIFFS' ORIGINAL PETITION
on or before 10:00 o'clock a.m. on the Monday next
after the expiration of twenty (20) days
after the date of service hereof, before the Honorable 92ND
Judicial District Court of Hidalgo County, Texas
at the Courthouse 100 North Closner, Edinburg, Texas,
78539. Said Petition was filed on the 20TH  day of DECEMBER  ,2002
and a copy of same accompanies this citation.
The file number and style of said suit being No. C-2593-02-A
      RUBEN A. PEREZ

                        vs.

      KPMG LLP, ET. AL.
      The PLAINTIFFS' ORIGINAL PETITION
      was filed in said court by EDMUNDO O. RAMIREZ
      1101 CHICAGO MCALLEN, TEXAS 78501-4822

      The nature of the demand is fully shown by a true and correct
copy of the petition accompanying this citation and made a part hereof.
      The officer executing this writ shall promptly serve the same
according to requirements of law, and the mandates thereof, and make
due return as the law directs.
      Issued and Given under my hand and seal of said Court, at
Edinburg, Texas this the 23rd day of December, 2002.
      Pauline G. Gonzalez, District Clerk
      Hidalgo County, Texas

      By: _____
            STEVE ROQUE

      CERTIFICATE OF RETURN
      UNDER RULES 103 T.R.C.R.
      This is to certify that on the____ day of_____, 2002 I,
STEVE ROQUE    , Clerk of the 92ND   District Court of Hidalgo
County, Texas mailed to the defendant in cause number C-2593-02-A

RUBEN A. PEREZ VS. KPMG ᴸᴸP, ET. AL.
a copy of the citation along with a copy of the petition, by
certified mail return receipt requested and on the_____day of
_____, 2002, receipt was returned served on the def.
____(or unserved for the reason on the
certificate return)_____
Given under my hand and seal of said Court, at office in Edinburg
Texas this the_____day of_____, 2002

         Pauline G. Gonzalez, District Clerk
         Hidalgo, County, Tx

By:_____
     Clerk

ORIGINAL

C-2593-02-A

)ISTRICT COURT, HIDALGO COUNTY, TEXAS 92ND  JUDICIAL DISTRICT OF TEXAS

## CITATION

RUBEN A.  PEREZ vs.  KPMG LLP, ET.  AL.

## ORIGINAL

### THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.
If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following
the expiration of twenty(20) days after you were served this citation
and petition, a default judgment may be taken against you.
     To: DANIEL SLATTERY
     112 E.PECAN,SUITE 2400
     SAN ANTONIO, TEXAS 78205-1585


        You are hereby commanded to appear by filing a written
answer to the PLAINTIFFS' ORIGINAL PETITION
on or before 10:00 o'clock a.m. on the Monday next
after the expiration of twenty (20) days
after the date of service hereof, before the Honorable 92ND
Judicial District Court of Hidalgo County, Texas
at the Courthouse 100 North Closner, Edinburg, Texas,
78539. Said Petition was filed on the 20TH  day of DECEMBER  ,2002
and a copy of same accompanies this citation.
The file number and style of said suit being No. C-2593-02-A
                    RUBEN A. PEREZ

                         vs.

                    KPMG LLP, ET. AL.
     The PLAINTIFFS' ORIGINAL PETITION
     was filed in said court by EDMUNDO O. RAMIREZ
     1101 CHICAGO MCALLEN, TEXAS 78501-4822

     The nature of the demand is fully shown by a true and correct
copy of the petition accompanying this citation and made a part hereof.
     The officer executing this writ shall promptly serve the same
according to requirements of law, and the mandates thereof, and make
due return as the law directs.
     Issued and Given under my hand and seal of said Court, at
Edinburg, Texas this the 23rd day of December, 2002.
                    Pauline G. Gonzalez, District Clerk
                    Hidalgo County, Texas

          By: _____
                    STEVE ROQUE

               CERTIFICATE OF RETURN
               UNDER RULES 103 T.R.C.P.
     This is to certify that on the____ day of _____, 2002 I,
STEVE ROQUE   , Clerk of the 92ND   District Court of Hidalgo
County, Texas mailed to the defendant in cause number C-2593-02-A

RUBEN A. PEREZ VS. KPMG LLP, ET. AL.
a copy of the citation along with a copy of the petition, by
certified mail return receipt requested and on the_____day of
_____, 2002, receipt was returned served on the def.
_____(or unserved for the reason on the
certificate return)_____
Given under my hand and seal of said Court, at office in Edinburg
Texas this the_____day of_____, 2002

                     Pauline G. Gonzalez, District Clerk
                     Hidalgo, County, Tx

By_____
          Clerk

ORIGINAL

C-2593-02-A

DISTRICT COURT, HIDALGO COUNTY, TEXAS 92ND  JUDICIAL DISTRICT OF TEXAS

CITATION

RUBEN A.  PEREZ vs.  KPMG LLP, ET.  AL.

THE STATE OF TEXAS                          ORIGINAL

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.
If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following
the expiration of twenty(20) days after you were served this citation
and petition, a default judgment may be taken against you.
     To: KPMG L.L.P.
     C/O EDGAR R. GIESINGER
     700 LOUISIANA ST. 27TH FLOOR
     HOUSTON, TEXAS 77002

          You are hereby commanded to appear by filing a written
answer to the PLAINTIFFS' ORIGINAL PETITION
on or before 10:00 o'clock a.m. on the Monday next
after the expiration of twenty (20) days
after the date of service hereof, before the Honorable 92ND
Judicial District Court of Hidalgo County, Texas
at the Courthouse 100 North Closner, Edinburg, Texas,
78539. Said Petition was filed on the 20TH day of DECEMBER  ,2002
and a copy of same accompanies this citation.
The file number and style of said suit being No. C-2593-02-A
                    RUBEN A. PEREZ

                         vs.

                    KPMG LLP, ET. AL.
     The PLAINTIFFS' ORIGINAL PETITION
     was filed in said court by EDMUNDO O. RAMIREZ
     1101 CHICAGO MCALLEN, TEXAS 78501

          The nature of the demand is fully shown by a true and correct
copy of the petition accompanying this citation and made a part hereof.
          The officer executing this writ shall promptly serve the same
according to requirements of law, and the mandates thereof, and make
due return as the law directs.
          Issued and Given under my hand and seal of said Court, at
Edinburg, Texas this the 23rd day of December, 2002.
                    Pauline G. Gonzalez, District Clerk
                    Hidalgo County, Texas

          By: _____
                    STEVE ROQUE

          CERTIFICATE OF RETURN
          UNDER RULES 103 T.R.C.P.
     This is to certify that on the____day of_____, 2002 I,
STEVE ROQUE   , Clerk of the 92ND   District Court of Hidalgo
County, Texas mailed to the defendant in cause number C-2593-02-A

RUBEN A. PEREZ VS. KPMG LLP, ET. AL.
a copy of the citation along with a copy of the petition, by
certified mail return receipt requested and on the_____day of
_____, 2002, receipt was returned served on the def.
____(or unserved for the reason on the
certificate return)_____
Given under my hand and seal of said Court, at office in Edinburg
Texas this the_____day of_____, 2002

                              Pauline G. Gonzalez, District Clerk
                              Hidalgo, County, Tx

                              By:_____
                                   Clerk

                                        ORIGINAL

C-2593-02-A

DISTRICT COURT, HIDALGO COUNTY, TEXAS 92ND  JUDICIAL DISTRICT OF TEXAS

CITATION

RUBEN A.  PEREZ vs.  KPMG LLP, ET.  AL.          ORIGINAL

THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.
If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following
the expiration of twenty(20) days after you were served this citation
and petition, a default judgment may be taken against you.
            To: JOHN LARSON
            14 GLOVER STREET
            SAN FRANCISCO, CALIFORNIA 94109-2105


            You are hereby commanded to appear by filing a written
answer to the PLAINTIFFS' ORIGINAL PETITION
on or before 10:00 o'clock a.m. on the Monday next
after the expiration of twenty (20) days
after the date of service hereof, before the Honorable 92ND
Judicial District Court of Hidalgo County, Texas
at the Courthouse 100 North Closner, Edinburg, Texas,
78539. Said Petition was filed on the 20TH day of DECEMBER  ,2002
and a copy of same accompanies this citation.
The file number and style of said suit being No. C-2593-02-A
            RUBEN A. PEREZ

                        vs.

            KPMG LLP, ET. AL.
    The PLAINTIFFS' ORIGINAL PETITION
    was filed in said court by EDMUNDO O. RAMIREZ
    1101 CHICAGO MCALLEN, TEXAS 78501-4822

        The nature of the demand is fully shown by a true and correct
copy of the petition accompanying this citation and made a part hereof.
        The officer executing this writ shall promptly serve the same
according to requirements of law, and the mandates thereof, and make
due return as the law directs.
        Issued and Given under my hand and seal of said Court, at
Edinburg, Texas this the 23rd day of December, 2002.
                        Pauline G. Gonzalez, District Clerk
                        Hidalgo County, Texas

                        By:
                            STEVE ROQUE

            CERTIFICATE OF RETURN
            UNDER RULES 103 T.R.C.P.
        This is to certify that on the____day of_____, 2002 I,
STEVE ROQUE  , Clerk of the 92ND  District Court of Hidalgo
County, Texas mailed to the defendant in cause number C-2593-02-A

RUBEN A. PEREZ VS. KPMG LLP, ET. AL.
a copy of the citation along with a copy of the petition, by
certified mail return receipt requested and on the_____day of
_____, 2002, receipt was returned served on the def.
_____(or unserved for the reason on the
certificate return)_____
Given under my hand and seal of said Court, at office in Edinburg
Texas this the_____day of_____, 2002

Pauline G. Gonzalez, District Clerk
Hidalgo, County, Tx

By_____
Clerk

ORIGINAL

C-2593-02-A

DISTRICT COURT, HIDALGO COUNTY, TEXAS 92ND JUDICIAL DISTRICT OF TEXAS

---

CITATION

---

RUBEN A. PEREZ vs. KPMG LLP, ET. AL.          ORIGINAL

---

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty(20) days after you were served this citation and petition, a default judgment may be taken against you.
      To: QUADRA FINANCIAL GROUP L.P.
      MARIE M. BENDER
      601 UNION STREET, 56TH FLOOR
      SEATTLE, WASHINGTON
      C/O SECRETARY OF STATE OF TEXAS
            You are hereby commanded to appear by filing a written
answer to the PLAINTIFFS' ORIGINAL PETITION
on or before 10:00 o'clock a.m. on the Monday next
after the expiration of twenty (20) days
after the date of service hereof, before the Honorable 92ND
Judicial District Court of Hidalgo County, Texas
at the Courthouse 100 North Closner, Edinburg, Texas,
78539. Said Petition was filed on the 20TH day of DECEMBER ,2002
and a copy of same accompanies this citation.
The file number and style of said suit being No. C-2593-02-A
      RUBEN A. PEREZ

                        vs.

            KPMG LLP, ET. AL.
      The PLAINTIFFS' ORIGINAL PETITION
      was filed in said court by EDMUNDO O. RAMIREZ
      1101 CHICAGO MCALLEN, TEXAS 78501-4822

      The nature of the demand is fully shown by a true and correct
copy of the petition accompanying this citation and made a part hereof.
      The officer executing this writ shall promptly serve the same
according to requirements of law, and the mandates thereof, and make
due return as the law directs.
      Issued and Given under my hand and seal of said Court, at
Edinburg, Texas this the 23rd day of December, 2002.
            Pauline G. Gonzalez, District Clerk
            Hidalgo County, Texas

            BY
                  STEVE ROQUE

            CERTIFICATE OF RETURN
            UNDER RULES 103 T.R.C.P
      This is to certify that on the____ day of_____, 2002 I,
STEVE ROQUE   , Clerk of the 92ND   District Court of Hidalgo
County, Texas mailed to the defendant in cause number C-2593-02-A

RUBEN A. PEREZ VS. KPMG LLP, ET. AL.
a copy of the citation along with a copy of the petition, by
certified mail return receipt requested and on the_____day of
_____ , 2002, receipt was returned served on the def.
_____(or unserved for the reason on the
certificate return) _____
Given under my hand and seal of said Court, at office in Edinburg
Texas this the_____day of_____, 2002

                        Pauline G. Gonzalez, District Clerk
                        Hidalgo, County, Tx


                        By_____
                              Clerk



                                            ORIGINAL

C-2593-02-A

DISTRICT COURT, HIDALGO COUNTY, TEXAS 92ND  JUDICIAL DISTRICT OF TEXAS

## CITATION

RUBEN A.  PEREZ vs.  KPMG LLP, ET.  AL.

# ORIGINAL

## THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.
If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following
the expiration of twenty(20) days after you were served this citation
and petition, a default judgment may be taken against you.
        To: QUADRA ADVISORS L.L.C.
        MARIE M. BENDER
        601 UNION STREET, 56TH FLOOR
        SEATTLE, WASHINGTON
        C/O SECRETARY OF STATE OF TEXAS
        You are hereby commanded to appear by filing a written
answer to the PLAINTIFFS' ORIGINAL PETITION
on or before 10:00 o'clock a.m. on the Monday next
after the expiration of twenty (20) days
after the date of service hereof, before the Honorable 92ND
Judicial District Court of Hidalgo County, Texas
at the Courthouse 100 North Closner, Edinburg, Texas,
78539. Said Petition was filed on the 20TH  day of DECEMBER  ,2002
and a copy of same accompanies this citation.
The file number and style of said suit being No. C-2593-02-A
                RUBEN A. PEREZ

                        vs.

                KPMG LLP, ET. AL.
        The PLAINTIFFS' ORIGINAL PETITION
        was filed in said court by EDMUNDO O. RAMIREZ
        1101 CHICAGO MCALLEN, TEXAS 78501-4822

        The nature of the demand is fully shown by a true and correct
copy of the petition accompanying this citation and made a part hereof.
        The officer executing this writ shall promptly serve the same
according to requirements of law, and the mandates thereof, and make
due return as the law directs.
        Issued and Given under my hand and seal of said Court, at
Edinburg, Texas this the 23rd day of December, 2002.
                Pauline G. Gonzalez, District Clerk
                Hidalgo County, Texas

                By
                        STEVE ROQUE

                CERTIFICATE OF RETURN
                UNDER RULES 103 T.R.C.P.
        This is to certify that on the____ day of _____, 2002 I,
STEVE ROQUE   , Clerk of the 92ND   District Court of Hidalgo
County, Texas mailed to the defendant in cause number C-2593-02-A

RUBEN A. PEREZ VS. KPMG LLP, ET. AL.
a copy of the citation along with a copy of the petition, by
certified mail return receipt requested and on the_____day of
_____, 2002, receipt was returned served on the def.
_____(or unserved for the reason on the
certificate return)_____
Given under my hand and seal of said Court, at office in Edinburg
Texas this the_____day of_____, 2002

                              Pauline G. Gonzalez, District Clerk
                              Hidalgo, County, Tx

                        By:_____
                              Clerk

                                        ORIGINAL

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Received by (Please Print Clearly) — 01-02
B. Date of Delivery — 12-26-02
C. Signature

□ Agent
□ Addressee

D. Is delivery address different from item 1? □ Yes
If YES, enter delivery address below: □ No

FILED

JAN 02 2003 M

DISTRICT COURTS, Hidalgo County
Deputy

1. Article Addressed to:

Daniel Slattery
112 E. Pecan, Suite 2400
San Antonio, TX 78205-1985

C-2593-02-A

3. Service Type
□ Certified Mail  □ Express Mail
□ Registered  □ Return Receipt for Merchandise
□ Insured Mail  □ C.O.D.

4. Restricted Delivery? (Extra Fee) □ Yes

2. Article Number
(Transfer from service label)    7001 1940 0000 7716 3626

PS Form 3811, March 2001     Domestic Return Receipt     102595-01-M-1424

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Received by (Please Print Clearly) RICH FLATHER
B. Date of Delivery DEC 26 2002
C. Signature

□ Agent
□ Addressee

D. Is delivery address different from item 1? □ Yes
If YES, enter delivery address below: □ No

FILED

DEC 30 2002

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By Deputy

1. Article Addressed to:

KPMG L.L.P.
700 Louisiana St. 27th Floor
Houston, Texas 77002

C-2593-02-A

3. Service Type
□ Certified Mail  □ Express Mail
□ Registered  □ Return Receipt for Merchandise
□ Insured Mail  □ C.O.D.

4. Restricted Delivery? (Extra Fee) □ Yes

2. Article Number
(Transfer from service label)    7001 1940 0000 7716 3619

PS Form 3811, March 2001     Domestic Return Receipt     102595-01-M-1424

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Received by (Please Print Clearly)
B. Date of Delivery 12-27-02
C. Signature

■ Agent
□ Addressee

D. Is delivery address different from item 1? □ Yes
If YES, enter delivery address below: □ No

1. Article Addressed to:

Gary Powell
4440 Arapahoe Av. STE. 280
Boulder, Colorado 80303

C-2593-02-A

3. Service Type
□ Certified Mail  □ Express Mail
□ Registered  □ Return Receipt for Merchandise
□ Insured Mail  □ C.O.D.

4. Restricted Delivery? (Extra Fee) □ Yes

2. Article Number
(Transfer from service label)    7001 1940 0000 7716 3633

PS Form 3811, March 2001     Domestic Return Receipt     102595-01-M-1424

---

*(handwritten, rotated left margin):*

Secretary Of State Of Texas
P.O. Box 12079
Austin, TX 78711-2079

C-2593-02-A

2. Article Number
(Transfer from service label)    7001 1940 0000 7716 3596

PS Form 3811, March 2001     Domestic Return Receipt     102595-01-M-1424

If YES, enter delivery address below: □ No
DEC 30 2002
DEC 27 2002
PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County

TBPC

3. Service Type
□ Certified Mail  □ Express Mail
□ Registered  □ Return Receipt for Merchandise
□ Insured Mail  □ C.O.D.

4. Restricted Delivery? (Extra Fee) □ Yes



ELLIS
KOENEKE & RAMIREZ
A T T O R N E Y S   A T   L A W
A LIMITED LIABILITY PARTNERSHIP
1101 CHICAGO
McALLEN, TEXAS 78501-4822
TELEPHONE
   (956) 682-2440
FAX
   (956) 682-0820
www.ekrattorneys.com

BILL ELLIS, JR.
   BOARD CERTIFIED
   ESTATE PLANNING & PROBATE LAW
   TEXAS BOARD OF LEGAL SPECIALIZATION
THOMAS D. KOENEKE
   BOARD CERTIFIED
   ESTATE PLANNING & PROBATE LAW
   TEXAS BOARD OF LEGAL SPECIALIZATION
EDMUNDO O. RAMIREZ
   BOARD CERTIFIED
   CIVIL TRIAL LAW
   TEXAS BOARD OF LEGAL SPECIALIZATION

DENNIS A. LONGORIA, JR.
LAWRENCE C. MORGAN
JOHN P. FRANKE, II
LYNSE STATON LARANCE

OF COUNSEL
RITA BETH WHATLEY
BARBARA SEGOVIA DE ALARCON*
*LICENSED IN MEXICO ONLY

December 20, 2002

Mrs. Pauline Gonzalez                                        HAND DELIVERED
Hidalgo County District Clerk
Hidalgo County Courthouse
100 North Closner
Edinburg, Texas 78539

Re:     Ruben A. Perez, et al v. KPMG LLP, et al; Our File No. 02-188

Dear Mrs. Gonzalez:

Enclosed please find an original and nine copies of Plaintiff's Original Petition and Application and Demand for Jury Trial in connection with the above-referenced matter. Kindly file the enclosed original, and file-stamp the extra copy for return to our office with our carrier.

Four copies are enclosed for service, via certified mail, to each of the following defendants, KPMG LLP, Daniel Slattery, Gary Powell and John Larson.

Four copies are enclosed for service on Quadra Advisors L.L.C. and Quadra Financial Group L.P., via certified mail to the Secretary of State and we are enclosing a check in the amount of $100.00 made payable to the Secretary of State.

Please find our firm check in the amount of $443.00, representing payment for the filing fees and citations for the six defendants. A third check in the amount of $30.00 is also enclosed which represents payment for the jury fee.

Thank you for your usual courtesies and assistance. Should you have any questions, please feel free to contact the undersigned at your earliest convenience.

Sincerely,

ELLIS, KOENEKE & RAMIREZ, L.L.P.

By:_____
       EDMUNDO O. RAMIREZ

EOR/er
Enclosures

Mrs. Pauline Gonzalez
December 20, 2002
Page 2

xc:    Ruben A. Perez                          Via First Class Mail
       Daniel Perez                            Via First Class Mail
       David A. Perez                          Via First Class Mail
       Mark Carrigan                           Via First Class Mail
       George Gerachis                         Via First Class Mail
       Raymond L. Thomas                       Via First Class Mail

CAUSE NO. C-3593-02-4

| | | |
|---|---|---|
| RUBEN A. PEREZ, DANIEL A. PEREZ, | § | IN THE DISTRICT COURT |
| DAVID A. PEREZ, TVALUE VENTURES, | § | |
| A TEXAS LIMITED PARTNERSHIP, | § | |
| NATALIE HOLDINGS, A TEXAS | § | **FILED** |
| LIMITED PARTNERSHIP, D&D | § | AT 9:14 O'CLOCK _A_ M |
| HOLDINGS, A TEXAS LIMITED | § | |
| PARTNERSHIP, AND DANMAR | § | DEC 2 0 2002 |
| HOLDINGS, A TEXAS LIMITED | § | |
| PARTNERSHIP | § | PAULINE G. GONZALEZ, CLERK |
| | § | District Courts, Hidalgo County |
| VS. | § | By _____ Deputy |
| | § | _____ JUDICIAL DISTRICT |
| KPMG LLP, DANIEL SLATTERY, | § | |
| GARY POWELL, JOHN LARSON, | § | |
| QUADRA ADVISORS L.L.C., | § | |
| QUADRA FINANCIAL GROUP L.P. | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

Daniel A. Perez, David A. Perez, Ruben A. Perez, TValue Ventures LP, Natalie Holdings LP, D&D Holdings LP, and DanMar Holdings LP file their Original Petition against KPMG LLP("KPMG"), Daniel Slattery, Gary Powell, John Larson, Quadra Advisors L.L.C. and Quadra Financial Group L.P.:

### I.
### PARTIES

1.    Daniel A. Perez is an individual who resides in Hidalgo County, Texas. David A. Perez and Ruben A. Perez are individuals who live in Kendall County, Texas. The three Perez brothers shall collectively be referred to as the Perez brothers.

PLAINTIFFS' ORIGINAL PETITION

2.    TValue Ventures LP (TValue) is a Texas limited partnership which was created on advise of defendants for Ruben A. Perez to implement the investment and tax strategy which forms the basis of Ruben's complaint against the defendants.

3.    Natalie Holdings LP (Natalie) and D&D Holdings LP (D&D) are Texas limited partnerships which were created on advise of defendants for David Perez to implement the investment strategy which forms the basis of David's complaint against the defendants.

4.    DanMar Holdings LP (DanMar) and D&D Holdings LP (D&D) are Texas limited partnerships which were created on advise of defendants for Daniel Perez to implement the investment and tax strategy which forms the basis of Daniel's complaint against the Defendants.

5.    TValue, Natalie, D&D and DanMar shall collectively be referred to as the "Perez limited partnerships". The Perez brothers and the Perez limited partnerships shall collectively be referred to as Plaintiffs.

6.    Defendant KPMG L.L.P. (KPMG) is a limited liability partnership with offices located throughout the United States, including the State of Texas. While KPMG is organized under the laws of Delaware and maintains its principal place of business in New York, it has a registered agent in Texas. Thus, KPMG can be served by serving its registered agent for process, Edgar R. Giesinger, 700 Louisiana St., 27th Floor, Houston, Texas 77002, via certified mail.

7.  Defendant, Daniel Slattery is an individual who lives and works in San Antonio, Bexar County, Texas. Daniel Slattery provided tax and financial accounting advice and made tax and financial misrepresentations to Plaintiffs in Texas. Daniel Slattery may be served at his principal place of business; 112 E. Pecan, Suite 2400, San Antonio, Texas 78205-1585, via certified mail.

8.  Defendant, Gary Powell is an individual who lives and works in Boulder, Colorado. Gary Powell provided tax and financial accounting advice and made tax and financial misrepresentations to Plaintiffs in Texas. Gary Powell may be served at his principal place of business; 4440 Arapahoe Av. Ste. 280, Boulder, Colorado 80303, via certified mail.

9.  Defendant, John Larson is an individual who lives and works in San Francisco, California. John Larson provided tax and financial accounting advice and made tax and financial misrepresentations to Plaintiffs in Texas. John Larson may be served at his principal place of business; 14 Glover Street, San Francisco, California 94109-2105, via certified mail.

10. Quadra Advisors L.L.C. (Quadra Advisors)is a foreign limited liability company that has not registered to do business in the State of Texas. However, Quadra has done business in the State of Texas and may be served by serving the Secretary of State of Texas with forwarding to Marie M. Bender, General Counsel, Quadra Financial Group L.P., 601 Union Street, 56th Floor Seattle, Washington.

11.     Quadra Financial Group L.P.(Quadra Financial)is a foreign limited liability company that has not registered to do business in the State of Texas. However, Quadra has done business in the State of Texas and may be served by serving the Secretary of State of Texas with forwarding to Marie M. Bender, General Counsel, Quadra Financial Group L.P., 601 Union Street, 56th Floor Seattle, Washington.

12.     Quadra Advisors and Quadra Financial shall be collectively referred to as Quadra. KPMG, Daniel Slattery, Gary Powell, John Larson and Quadra shall collectively be referred to as "Defendants".

## II.
## VENUE

13.     Venue is proper in the District Courts of Hidalgo County, as Daniel Perez resides in Hidalgo County, Texas; most, if not all, of the events relating to the creation of DanMar and D&D to implement the investment and tax strategy occurred in Hidalgo County; and numerous meetings relating to the investment and tax strategy occurred in Hidalgo County. Therefore, the cause of action arose in Hidalgo County, Texas.

## III.
## FACTS

14.     The Perez brothers are successful businessmen who, through their hard work and toil, took their business from a small proprietorship in McAllen, Texas, to a large public corporation. In February of 1997, the Perez brothers sold their interest to a Canadian corporation. The sale of the company's stock resulted in large profits for the three brothers.

15.   Prior to selling their stock, the Perez brothers were approached by Quadra and KPMG's "Personal Financial Planning Group", through Gary Powell and John Larson, and were told that KPMG provided legal investments that generated legal tax losses recognized by the Internal Revenue Service to offset capital gains. They assured the Perez brothers that Quadra's and KPMG's tax strategy was legal and would be supported by tax and legal opinions verifying the legality of the strategy.

16.   Thereafter, the Perez brothers had several meetings and telephone conversations with Quadra, Daniel Slattery and KPMG's "Personal Financial Planning Group". At the specific instruction of KPMG and Quadra, the Perez limited partnerships were created for the purpose of implementing the investment and tax strategy. Daniel Slattery and the KPMG "Personal Financial Planning Group" represented to the Perez brothers that the KPMG investment strategy would generate legal tax losses to offset against capital gains and promised that the entire investment strategy would pass scrutiny with the Internal Revenue Service. In fact, the Perez brothers were told that KPMG was so confident of this investment strategy, they would guarantee its success and pay any penalties and interest if the Internal Revenue Service disallowed the deductions.

17.   When the Perez brothers suggested that they would have an independent set of tax and legal advisors review the investment strategy, KPMG advised that the strategy was "confidential" and could not be disclosed to anyone. In fact, each of the Perez brothers were required to sign a "confidentiality agreement" before moving forward with the investment strategy. KPMG repeatedly assured the Perez brothers that the

PLAINTIFFS' ORIGINAL PETITION

investment was completely legal, would not be audited by the IRS and did not need independent approval.

18.    Through a series of several transactions involving the purchase and sale of warrants and stock with foreign corporations and partnerships, KPMG created a situation where Plaintiffs allegedly obtained significant capital losses as a result of the transactions. KPMG, Gary Powell and Daniel Slattery certified that the transactions were bona fide and in compliance with all Internal Revenue Service regulations. In fact, Daniel Slattery prepared Plaintiffs' tax returns with full knowledge that the substantial losses would be disallowed by the Internal Revenue Service.

19.    KPMG, Daniel Slattery and Gary Powell never advised the Perez brothers of the significant tax risks associated with the investment strategy or the fact that KPMG had never registered the tax investment strategy with the Internal Revenue Service. Thus, the Perez brothers were not aware that the IRS would 1) deny the capital loss, resulting in an increased tax and interest payment 2) impose accuracy related penalties and/or 3) declare the investment strategy to be an "abusive tax shelter" resulting in draconian penalties. KPMG, Daniel Slattery and Gary Powell were fully aware of the risks associated with the investment strategy, but failed to advise the Perez brothers, choosing instead to misrepresent the safety and legality of the proposed investment.

20.    After Dan Slattery completed Plaintiffs' income tax returns, the Internal Revenue Service issued Notice 2001-45, advising taxpayers that investment strategies utilizing foreign corporations, identical to the KPMG strategy implemented for Plaintiffs, would

PLAINTIFFS' ORIGINAL PETITION

disallow loses claimed in the transaction, causing additional taxes, interest and penalties to be assessed and that such strategy would be classified as an abusive tax shelter. In fact, each of the brothers have had their tax returns audited by the IRS and each of them have incurred  tremendous penalties and interest in addition to the tax losses.

21.    Plaintiffs were required to pay Defendants a total of $ 4.5 million to participate in the KPMG investment strategy.

22.    While the exact amount of the Plaintiffs' damages is not known as of this date, Plaintiffs have suffered actual damages of the following types;

  1)    Transaction costs and fees related to the investment strategy;

  2)    Potential penalties and interest on taxes paid as a result of disallowed capital losses;

  3)    Tax losses incurred by failing to proceed with other tax strategies that would have safely allowed the Perez brothers to reduce the tax liability that they would be required to pay;

  4)    Attorneys' fees and accounting fees expended in attempting to minimize the losses as a result of the investment strategy.

# VI.
# CLAIMS FOR RELIEF

**A.**    ***First Claim: Defendants' Course of Conduct Violates the Texas Deceptive Trade Practices Act***

23.    Plaintiffs are "consumers" as that term is defined in the Texas Deceptive Trade Practices Act (DTPA).  Through its employees, agents and servants, Defendants engaged in the following wrongful conduct in violation of the DTPA by:

       a.    representing that their investment, accounting and tax services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

       b.    representing that their investment, accounting and tax services are of a particular standard, quality, or grade, if they are of another;

       c.    using deceptive representations in connection with their investment, accounting and tax services.

       d.    Engaging in unconscionable conduct as that term is defined in the Act.

24.    By virtue of Defendants' uniform misrepresentations and unconscionable conduct, Plaintiffs have suffered actual damages as set forth above. Pursuant to the DTPA, Plaintiffs seek reimbursement for their actual damages, as well as reimbursement of attorneys' fees incurred in prosecuting the claim, costs of court and all other damages allowed by the Act. Further, as Defendants' acts were committed knowingly as that term is defined in the Act, Plaintiffs seek treble damages for such knowing violations of the Act.

PLAINTIFFS' ORIGINAL PETITION

**B.  *Second Claim: Breach of Contract against KPMG and Quadra***

25.     Plaintiffs entered into a series of contracts with KPMG and Quadra wherein it agreed to provide investment, accounting and tax services in return for the payment of fees.

26.     KPMG  breached its contracts with Plaintiffs by failing to register the investment strategy with the Internal Revenue Service, by failing to provide the services in good faith and by failing to pay for the penalties and interest owing to the Internal Revenue Service as promised by Defendants.

27.     Plaintiffs were damaged by KPMG's and Quadra's breach of contract and seek recovery for the contractual damages as set forth above. Plaintiffs also seeks reasonable attorneys' fees and costs of court.

**C.     *Third Claim: Accounting Malpractice and Negligence against KPMG, Gary Powell John Larson and Daniel Slattery***

28.     KPMG, Gary Powell, John Larson and Daniel Slattery owed a duty to Plaintiffs to use the skill,  judgment and care of a reasonably competent accountant and tax advisor. Further, KPMG, Gary Powell, John Larson and Daniel Slattery had a duty to perform professional accounting and tax services in a proper, skillful and careful manner.

29.     KPMG, Gary Powell, John Larson and Daniel Slattery breached their duty owed to Plaintiffs by failing to act with the care and skill of a reasonably competent accountant and tax consultant. Their breach of duty constitutes malpractice in the practice of accounting for which Plaintiffs seek actual damages.

30.     Further, since such acts were committed intentionally, recklessly and without regard to the rights of the Perez brothers, Plaintiffs are entitled to recover punitive damages in an amount to be determined by the trier of fact.

**D.      *Fourth Claim: Fraud against Quadra, KPMG, Gary Powell, John Larson and Daniel Slattery***

31.     Defendants made numerous intentional misrepresentations and omissions in providing investment, accounting and tax advice to Plaintiffs.

32.     Such intentional misrepresentations and material omissions were made deliberately and with the intent to deceive Plaintiffs. Defendants knew that the representations concerning the investment strategy were false and material to Plaintiffs' decision to follow the investment strategy. Further, Defendants knew that Plaintiffs would rely and act upon the misrepresentations and material omissions.

33.     As a result of Defendants' fraudulent representations and omissions, Plaintiffs have suffered actual damages. Further, since such acts were committed intentionally, recklessly and without regard to the rights of the Perez brothers, Plaintiffs are entitled to recover punitive damages in an amount to be determined by the trier of fact.

**E.      *Negligent Misrepresentation against Quadra, KPMG, Gary Powell, John Larson and Daniel Slattery.***

34.     Defendants' negligently represented facts and omitted material representations in providing investment, accounting, legal and tax services to Plaintiffs, as set forth above.  These representations, which the Perez brothers relied on,  were false.

PLAINTIFFS' ORIGINAL PETITION

35.     Plaintiffs suffered damages as a proximate result of Defendants' negligent misrepresentations and seek recovery for these damages.  Further, since such acts were committed intentionally, recklessly and without regard to the rights of the Perez brothers, Plaintiffs are entitled to recover punitive damages in an amount to be determined by the trier of fact.

### F. No claims under federal law.

36.     Plaintiffs make no claims against Defendants under federal securities laws or other federal causes of action.

### VII.
### DAMAGES

37.     As a result of Defendants' acts and omissions as set forth above, the Perez brothers have each sustained actual damages as et forth below.

    1)     Transaction costs and fees related to the investment strategy;

    2)     Potential penalties and interest on taxes paid as a result of disallowed capital losses;

    3)     Tax losses incurred by failing to proceed with other tax strategies that would have safely allowed the Perez brothers to reduce the tax liability that they would be required to pay;

    4)     Attorneys' fees and accounting fees expended in attempting to minimize the losses as a result of the investment strategy.

38.   In addition, Plaintiffs are entitled to prejudgment interest, post judgment interest, punitive damages, treble damages, all costs associated with bringing this action, and reasonable attorneys' fees incurred in prosecuting this claim.

## VIII.
## PRAYER

**WHEREFORE**, Plaintiffs, Daniel A. Perez, David A. Perez, Ruben A. Perez, TValue Ventures, LP, Natalie Holdings LP,  D&D Holdings, LP, and DanMar Holdings, LP respectfully pray that they be awarded the following relief:

1.   Judgment against Defendants for a sum within the jurisdictional limits of the Court;

2.   Prejudgment interest at the maximum amount provided by law;

3.   Post-judgment interest at the maximum amount allowed by law;

4.   Costs of suit; and

5.   Attorneys' fees

Respectfully submitted,

ELLIS, KOENEKE & RAMIREZ, L.L.P.
1101 Chicago
McAllen, Texas 78501
Telephone: 956-682-2440
Facsimile: 956-682-0820

By:   _Edmundo O Ramirez_   _BK_
EDMUNDO O. RAMIREZ
SBN: 16501420

ATTORNEY FOR PLAINTIFFS

CAUSE NO. _C -2593-02 · +_

| | | |
|---|---|---|
| RUBEN A. PEREZ, DANIEL A. PEREZ, | § | IN THE DISTRICT COURT |
| DAVID A. PEREZ, TVALUE VENTURES, | § | |
| A TEXAS LIMITED PARTNERSHIP, | § | |
| NATALIE HOLDINGS, A TEXAS | § | |
| LIMITED PARTNERSHIP, D&D | § | |
| HOLDINGS, A TEXAS LIMITED | § | |
| PARTNERSHIP, AND DANMAR | § | |
| HOLDINGS, A TEXAS LIMITED | § | |
| PARTNERSHIP | § | |
| | § | |
| VS. | § | |
| | § | _____ JUDICIAL DISTRICT |
| KPMG LLP, DANIEL SLATTERY, | § | |
| GARY POWELL, JOHN LARSON, | § | |
| QUADRA ADVISORS L.L.C., | § | |
| QUADRA FINANCIAL GROUP L.P. | § | HIDALGO COUNTY, TEXAS |

FILED
AT 9 :14 O'CLOCK ___ M
DEC 2 0 2002
PAULINE G. GONZALEZ CLERK
DISTRICT COURT, HIDALGO County
By _____ Deputy

## APPLICATION AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, the Plaintiffs have deposited with

the District Clerk of Hidalgo County, Texas, the jury fee of Thirty  Dollars ($30.00) and makes this,

their application and demand for jury trial of the above-styled and numbered cause.

Respectfully submitted,

ELLIS, KOENEKE & RAMIREZ, L.L.P.
1101 Chicago
McAllen, Texas 78501
Telephone: 956-682-2440
Facsimile: 956-682-0820

By: _Edmundo O Ramirez_
EDMUNDO O. RAMIREZ
SBN: 16501420

ATTORNEY FOR PLAINTIFFS

PLAINTIFFS' ORIGINAL PETITION

Page 13



**ELLIS, KOENEKE & RAMIREZ, L.L.P.**
1101 Chicago
McAllen, Texas 78501-4822
(956) 682-2440
Fax: (956) 682-0820

**FAX COVER SHEET**

| TO: | FAX NUMBER TRANSMITTED TO: |
|---|---|
| MICHAEL W. PERRIN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (713) 751-3290 | |

| FROM | : | **EDMUNDO O. RAMIREZ** |
|---|---|---|
| RE | : | **PEREZ vs. KPMG** |
| OUR FILE # | : | **02-188** |
| DATE | : | **January 20, 2003** |

| DOCUMENTS | NUMBER OF PAGES |
|---|---|
| SIGNED RULE 11 | 2 including cover page. |

COMMENTS:

---

**NOTICE OF CONFIDENTIALITY**

The information contained in and transmitted with this facsimile is:

1.    SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE;
2.    ATTORNEY WORK PRODUCT; OR
3.    CONFIDENTIAL

It is intended only for the individual or entity designated above. You are hereby notified that dissemination, distribution, copying, or use of or reliance upon the information contained in and transmitted with this facsimile by or to anyone other than the recipient designated above by the sender is unauthorized and strictly prohibited. If you have received this facsimile in error, please notify **ELLIS, KOENEKE & RAMIREZ, L.L.P.** at (956) 682-2440 immediately. Any facsimile erroneously transmitted to you should be immediately returned to the sender by U.S. Mail, or if authorization is granted by the sender, destroyed.

Sender's Initials

# KING & SPALDING LLP

King & Spalding LLP
1100 Louisiana Street, Suite 4000
Houston, Texas 77002-5213
Main: 713/751-3200
Fax: 713/751-3290

Michael W. Perrin
Direct Dial: 713/751-3207
Direct Fax: 713/751-3290
mperrin@kslaw.com

January 17, 2003

Mr. Edmundo Ramirez
Ellis, Koeneke and Ramirez
1151 Chicago
McAllen, Texas 78501

    Re:   *Danmar Holdings, Ltd. and D&D Holdings, Ltd. v. United States of America*, Civil Action
Nos. M-01-293 and M-01-294 in the United States District Court for the Southern District
of Texas, McAllen Division

Dear Mr. Ramirez,

    Thank you for taking the time to visit about this case. As I understand our conversation, you
have agreed not to take a default against any the defendants, but you did not agree to the differences
between the original stipulation from Ms. Maher and the later document.

    Can you please confirm herein that you are agreeable to a reasonable extension of time, not
to exceed 60 days from January 21, 2003, within which defendants can file responsive pleadings? If
so, please sign this letter as a RULE 11 Agreement, and I will send a copy to Judge Aparicio's court
so that we are all protected from default or dismissal.

    In the meantime, I will get a copy of Ms. Maher's original stipulation and a copy of the latest
document. If necessary, we can discuss the differences. However, the 60 day extension you
discussed with me should suffice.

Sincerely,

Michael W. Perrin
Partner

**Agreed:**
**Ellis, Koeneke and Ramirez**

Edmundo Ramirez

ATLANTA • HOUSTON • LONDON • NEW YORK • WASHINGTON, D.C.

JAN-23-2003  10:36    O'NEILL LYSAGHT & SUN    310 399 7201    P.02/02



**OL&S  O'Neill, Lysaght & Sun LLP**
ATTORNEYS AT LAW

100 Wilshire Boulevard,   Suite 700
Santa Monica, California 90401
TEL: 310 451 9700 FAX: 310 399 7201
WEB: www.olslaw.com

Brian O'Neill
Brian C. Lysaght
Frederick D. Friedman
Brian A. Sun
Yolanda Orozco
John M. Moscarino
Harriet Beogan Leva
Edward A. Klein
Robert L. Meylan
David E. Rosen
Paul D. Murphy
Ellyn S. Garofalo
Luan K. Phan
Heather E. Hersh
Mitchell A. Kamin
Nicolle M. Liem
Noah B. Salamon
Lisa C. Phelan

Of Counsel
J. Joseph Connolly
Jeffrey M. Rawitz

January 17, 2003

**Via Facsimile**

Edmundo O. Ramirez, Esq.
Ellis, Koeneke & Ramirez, L.L.P.
1101 Chicago
McAllen, TX 78501

Re:   Perez, et al. v. KPMG LLP, et al., Cause No. C-2593-02-A

Dear Mr. Ramirez:

In accordance with Rule 11 of the Texas Rules of Civil Procedure, this will confirm our telephone conversation of today during which you advised that you will agree to grant our clients Quadra Advisors, L.L.C. and Quadra Financial Group, L.P. a thirty (30) day extension of time within which to respond to plaintiffs' original Petition in the above-entitled matter. I believe our response is due January 21, 2003, and with the extension of time will now be due on February 20, 2003. This will also confirm that our clients are not waiving their right to challenge the Petition on any legal basis, including jurisdiction or venue, or to assert any affirmative defense.

Please sign this letter where indicated below and return it to me for filing with the Court. If you have any questions, please feel free to contact me. Thank you again for your professional courtesy and cooperation.

Very truly yours,

O'NEILL, LYSAGHT & SUN LLP

Yolanda Orozco

YO/mw

Edmundo O. Ramirez

ABSTRACT.WPD

# Civil Docket

Court

Case No. C-2593-02-A

Hidalgo County

January 22nd, 2003
4:08pm

## RUBEN A. PEREZ vs. KPMG LLP, ET. AL.

Filed : 12/20/2002
Status: Filed
Type: BREACH OF CONTRACT

Judge
EDWARD G. APARICIO

Court Reporter

| Date | Events & Orders of the Court | Volume | Page |
|------|------------------------------|--------|------|
| 12/20/02 | PLAINTIFF'S ORIGINAL PETITION | | |
| 12/20/02 | Jury Trial Requested | | |
| 12/23/02 | CITATION BY C/M ISSUED | | |
| | TO JOHN LARSON, KPMG L.L.P., DANIEL SLATTERY, GARY | | |
| | POWELL, ANDSECRETARY OF STATE | | |
| 12/30/02 | RETURN RECEIPT RECEIVED | | |
| | GARY POWELL SERVED 12.27.02 | | |
| 12/30/02 | RETURN RECEIPT RECEIVED | | |
| | KPMG L.L.P. SERVED 12.26.02 | | |
| 12/30/02 | RETURN RECEIPT RECEIVED | | |
| | SECRETARY OF STATE OF TEXAS SERVED 12.27.02 | | |
| 01/02/03 | RETURN RECEIPT RECEIVED | | |
| | DANIEL SLATTERY SERVED 12.28.02 | | |

# LIST OF ALL COUNSEL OF RECORD

<u>Attorney for Plaintiffs</u>

Edmundo O. Ramirez
Ellis, Koeneke & Ramirez, L.L.P.
1101 Chicago
McAllen, Texas  78501
(956) 682-2440

<u>Attorneys for Defendants</u>

Michael W. Perrin
Tracey M. Robertson
King & Spalding, LLP
1100 Louisiana, Suite 4000
Houston, Texas  77002
(713) 751-3200

John M. Bray
Patricia L. Maher
King & Spalding, LLP
1730 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 737-0500

David G. Oliveira
Roerig, Oliveira & Fisher LLP
506 East Dove Street
McAllen, Texas  78502
(956) 631-8049

Attorneys for KPMG LLP,
Daniel Slattery, and Gary Powell

Brian A. Sun
Yolanda Orozco
O'Neill, Lysught & Sun LLP
100 Wilshire Boulevard
Suite 700
Santa Monica, California  90401
(301) 451-4700

Eduardo R. Rodriguez
Teri L. Danish
Rodriguez, Colvin & Chaney LLP
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
(956) 542-7441

Attorneys for Quadra Advisors LLC
and Quadra Financial Group L.P.